IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of DIAMOND SERVICES CORPORATION, | § § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO.: 3:21-CV-00078 |
| T.W. LAQUAY MARINES, LLC and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | § § § § | |
| Defendants. | § § | |

**TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA'S
UNOPPOSED MOTION TO RECOGNIZE STAY**

Defendant Travelers Casualty and Surety Company of America ("Travelers"), hereby moves the Court to recognize the automatic stay under 11 U.S.C. § 362 as a result of T.W. LaQuay Marine, LLC's ("LaQuay") Chapter 11 Bankruptcy filed in the Southern District of Texas (Case No. 21-60101) on December 13, 2021. In support of this Motion to Recognize Stay, Travelers respectfully provides as follows:

On March 29, 2021, Diamond Services Corporation ("Diamond") brought its Complaint [Dkt. 1] against LaQuay for breach of contract and against Travelers for suit under the Miller Act (40 U.S.C. § 3133) alleging that LaQuay failed to pay for certain services provided by Diamond. Diamond amended its Complaint on May 3, 2021 [Dkt. 15].

On May 4, 2021, Travelers filed its Motion to Dismiss for Failure to State a Claim (the "Motion to Dismiss") [Dkt. 16]. Travelers' Motion to Dismiss is based on the expiration of the statute of limitations for a Miller Act claim. [Dkt. 16, pp. 4-5]. Diamond filed its Response in Opposition of the Motion to Dismiss on May 13, 2021 [Dkt. 18]. Travelers then filed its Reply in

Support of the Motion to Dismiss on May 20, 2021 [Dkt. 19]. At that point, the Motion to Dismiss was fully briefed and ripe for adjudication.

LaQuay answered the Amended Complaint [Dkt 15] on May 24, 2021 [Dkt. 20]. Due to the pendency of the Motion to Dismiss, Travelers has not yet filed an Answer in this matter. *See* FED. R. CIV. P. 12(a)(4).

On June 16, 2021, this Court held an Initial Status Conference before Magistrate Judge Andrew M. Edison where the Court acknowledged the completed briefing of the Motion to Dismiss [Dkt. 16] and a Docket Control Order was entered. [Dkt. 23].

On October 1, 2021, Travelers filed a Complaint in the Southern District of Texas, Victoria Division against LaQuay, and its individual owners—Timothy W. LaQuay and Linda LaQuay—on a claim for breach of an indemnity agreement related to the Bond at issue in this case. That case has been stayed as a result of LaQuay's bankruptcy. The case is styled *Travelers Casualty and Surety Company of America v. T.W. LaQuay Marine, LLC; Timothy W. LaQuay; and Linda LaQuay*, Case No. 6:21-cv-00047.

On December 13, 2021, LaQuay filed a voluntary petition for bankruptcy in the Southern District of Texas. A Notice of Filing of Bankruptcy was not filed in this proceeding by LaQuay until January 31, 2022 [Dkt. 26]. The bankruptcy filing on December 13, 2021 operates as a stay of the continuation of a judicial action or proceeding against the debtor that was commenced before the bankruptcy filing. 11 U.S.C. § 362(a)(1).

On January 25, 2022, without Travelers having filed an answer in this matter, Diamond filed a Motion for Summary Judgment [Dkt. 25] against Travelers only with regard to its Miller Act claim. In is Motion for Summary Judgment, Diamond alleges that "Travelers' defense, to Diamond's knowledge, is solely its statute of limitations defense [asserted in the Motion to

Dismiss].” [Dkt. 25, p. 4]. Given that Travelers has not yet been required to answer this lawsuit due to the pending Motion to Dismiss [Dkt. 16], Travelers has not yet asserted all of its defenses while it awaits a ruling from this Honorable Court on the Motion to Dismiss [Dkt. 16]. *See* FED. R. CIV. P. 12(a)(4).

Included in Travelers' many defenses to Diamond's claim, is the defenses of its principal, LaQuay. *See* RESTATEMENT (THIRD) SURETYSHIP AND GUARANTY § 34(1) (1996) ("the secondary obligor may raise as a defense to the secondary obligation any defense of the principal obligor to the underlying obligation"). Because Travelers' defenses, which remain to be fully asserted until after a ruling on its Motion to Dismiss [Dkt. 16], include the defenses of LaQuay to Diamond's breach of contract claim, continuing litigation on such defenses risks violation of the automatic stay under 11 U.S.C. § 362.

The situation before this Court is the exact same situation that was before the Western District of Oklahoma in *Maguire-O'Hara Constr., Inc. v. Cool Roofing Sys., Inc.* No. CIV-19-705-R, 2020 WL 674442, at *1 (W.D. Okla. Feb. 11, 2020). In *Maguire-O'Hara*, a subcontractor brought a Miller Act suit against the principal (prime contractor) and its surety. When the principal filed bankruptcy, the surety sought extension of the bankruptcy stay as to the claims of the subcontractor against the surety. The court agreed with the surety, ruling that the stay be expanded to cover solvent co-defendants "when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Id.* (quoting *A.H. Robins Company, Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)). The court pointed out that "such a situation would be a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in

the case." *Id.* (quoting *Piccinin*, 788 F.2d at 999).

Because Diamond is seeking to enforce a payment bond claim against Travelers, who is entitled to indemnity from LaQuay, Diamond is in effect seeking what would result in a judgment finding against the debtor similar to the *Maguire-O'Hara* case. As such, this case should be stayed and the Court should abate all deadlines and settings in this matter, including, but not limited to, Travelers' deadline to respond to Diamond's Motion for Summary Judgment [Dkt. 25].

On the other hand, the pending Motion to Dismiss [Dkt. 16] has been fully briefed for this Court, and is not affected by the pending bankruptcy of LaQuay, as it seeks to dismiss the claim brought by Diamond against Travelers only and does not involve LaQuay's defenses. As a result, the Motion to Dismiss can be adjudicated without risk of violation of the automatic stay under 11 U.S.C. § 362.

WHEREFORE, Travelers Casualty and Surety Company of America respectfully requests that this Court grant its pending Motion to Dismiss [Dkt. 16] and dismiss Travelers from this matter, or in the alternative, issue an Order recognizing the automatic stay; abating all deadlines and settings in this matter, including, but not limited to, Travelers' deadline to respond to Diamond's Motion for Summary Judgment [Dkt. 25]; and granting such other and further relief as is deemed proper.

Respectfully submitted,

**KREBS FARLEY & DRY, PLLC**

By: _/s/ Steven K. Cannon_
Ryan D. Dry
State Bar No. 24050532
Steven K. Cannon
State Bar No. 24086997
909 18th Street
Plano, TX 75074
(972) 737-2517 Telephone
(972) 737-2543 Facsimile
rdry@krebsfarley.com
scannon@krebsfarley.com

David J. Krebs
State Bar No. 24057678
400 Poydras Street, Suite 2500
New Orleans, Louisiana 70130
(504) 299-3570 Telephone
(504) 299-3582 Facsimile
dkrebs@krebsfarley.com

**ATTORNEYS FOR DEFENDANT
TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA**

## **CERTIFICATE OF CONFERENCE**

The undersigned certifies that on February 2, 2022, he discussed the merits of this motion via phone and email with Harry E. Morse, counsel for Diamond Services Corporation, who stated he was unopposed to the motion. The undersigned certifies that on February 3, 2022, he discussed the merits of this motion via email with Eric J. Rhine, counsel for T.W. LaQuay Marine, LLC in this matter, who stated he was unopposed to the motion.

 */s/ Steven K. Cannon*
Steven K. Cannon


## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was served upon the following pursuant to the Federal Rules of Civil Procedure on this the 3rd day of February, 2022.

 */s/ Steven K. Cannon*
Steven K. Cannon